UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GIAVONNI SMITH,

                                            Plaintiff,        **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

        -against-

                                                                          23-CV-8162 (LJL)

CITY OF NEW YORK, LOUIS MOLINA,
KENNETH STUKES, JOHN OR JANE DOE
1-5, and JOHN OR JANE DOE 6-10,

                                            Defendants.
------------------------------------------------------------------------X

        **WHEREAS** all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

        **WHEREAS**, the Parties, through counsel, agree to the following terms;

        **WHEREAS**, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

        **WHEREAS**, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

        **WHEREAS**, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by

dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between attorneys for Plaintiff and the attorneys for Defendants that documents and information shall be produced in accordance with the terms set forth below:

1. As used herein, this "Matter" shall mean the pending action between Plaintiff and defendants captioned *Giavonni Smith v. City of New York et al.,* 23-CV-8162 (KPF).

2. As used herein, without waiving the right to later interpose objections concerning the production of these documents, "Confidential Materials" shall mean:

    (A) Department of Corrections ("DOC") employment/personnel related records for the individual Defendants;

    (B) DOC investigative documents;

    (C) Any other disciplinary histories or other records from DOC or any other governmental agency;

    (D) Full names and contact information of non-party individuals and/or witnesses;

    (E) DOC training or policy materials, including, but not limited to, policy documents, Operation Orders, training manuals, and/or directories; and

    (F) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiff from sources other than Defendants, or (b) are otherwise publicly available.

4. The producing party shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to counsel for the receiving party.

5. The parties reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents.

6. Confidential Materials may not be used for any purpose other than for the preparation, settlement, or presentation of this action.

7. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. Notwithstanding the provisions of this Confidentiality Order, if the receiving party or anyone on the receiving party's behalf makes public representations, the substance of which concerns or is contained in the Confidential Materials, the producing party may move the Court, on an expedited basis, for relief.

9. If the receiving party objects to the designation of particular documents or information as "Confidential Materials," the receiving party shall state such objection in writing to the producing party, and the parties shall endeavor in good faith to resolve such an objection.

If such an objection cannot be resolved among the parties, then, within thirty (30) days of receiving the response to the objection to the material's classification as confidential, the receiving party shall seek judicial intervention to ask that the Court remove the designation. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

      10. The receiving party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this Matter, to those individuals described in subparagraph (b) below.

    b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness during a deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party or the disclosing party's attorney, should one be obtained, shall provide each such person with a copy of this Confidentiality Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The disclosing party shall retain the signed consent form

and furnish a copy to the producing party's attorney upon request, although the name of an expert that a party does not intend to call as a trial witness may be redacted from such consent form before it is produced.

11. Deposition exhibits and testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential. Any party may designate the deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that questions relate to Confidential Materials, and can request that the court reporter/stenographer bind the transcript of the designated testimony in a separate volume with a cover page prominently marked "Confidential Information Governed by Confidentiality Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within forty-five (45) days after a deposition transcript has been received of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the respective designating parties. Failure to make such designation does not constitute a waiver of confidentiality.

12. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

13. However, where the Confidential Information is not material to issues addressed in court submissions and Defendants agree in writing that the redaction of personal,

Confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

14. In addition, where reasonable advance notice is given and the parties agree in writing to the use of Confidential Information in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this mater, such information will not be subjected to the instant Confidentiality Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

15. Within 30 days after the termination of this Matter, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed; except that Plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing Plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect Plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16. Nothing in this Confidentiality Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

17. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(F) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

19. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial

or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

20. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

21. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

23. This Confidentiality Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed Confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain Confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials,

including all copies and non-conforming copies thereof, shall not be used by the receiving party, or anyone receiving Confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

24. The terms of this Confidentiality Order shall be binding upon all current and future parties to this Matter, and their counsel.

25. The Court will retain jurisdiction over all persons subject to this Confidentiality Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Date: May 29, 2024

Joshua Samuel Moskovitz
*Attorney for Plaintiff*
Hamilton Clarke, LLP
48 Wall Street
Suite 1100
New York, NY 10005

By: _____
Joshua S. Moskovitz

HON. SYLVIA RADIX-HINDS
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, Louis Molina, and Kenneth Stukes*
100 Church Street, Third Floor
New York, New York 10007

By: _____
KellyAnne Holohan
*Senior Counsel*

SO ORDERED:

_____
HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

Dated: May 31, 20 24

9

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Order dated _____ 2024, entered into the matter entitled *Giavonni Smith v. City of New York et al.,* 23-CV-8162 (LJL) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____

Signature: _____

Print Name: _____

Occupation: _____